# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SCHEIBE, individually and on behalf of all those similarly situated,<br><br>                                    Plaintiff,<br><br>v.<br><br>THE HEALTH AND WELLNESS CENTER, INC., dba Dr. Berg Nutritionals, a Virginia corporation,<br><br>                                    Defendant. | Case No.:  23-cv-00084-DMS-JLB<br><br>**ORDER DIRECTING PARTIES TO SUBMIT SUPPLEMENTAL BRIEFING IN LIGHT OF INTERVENING NINTH CIRCUIT AUTHORITY** |

Pending before the Court is Defendant The Health and Wellness Center's Motion to Dismiss for Lack of Personal Jurisdiction.  (ECF No. 10.)  In this action, Plaintiff Jacob Scheibe, on behalf of himself and a putative class of others who have purchased "Original Keto Electrolytes" powder, alleges that the product, which Defendant manufactures and sells, is misbranded and falsely advertised.  (*See* Am. Compl., ECF No. 5.)  Plaintiff is a citizen of California and Defendant is a Virginia corporation with its principal place of business located in Virginia.  Plaintiff brings claims against Defendant for violations of California consumer protection statutes, unjust enrichment, and breach of express warranty.  Defendant filed its motion to dismiss on April 4, 2023.  On May 5, 2023, Plaintiff filed its Opposition. (ECF No. 11.)  On May 11, 2023, Defendant filed a Reply. (ECF No.

12).  The Court took the motion under submission without hearing on May 15, 2023.  (*See* Order, ECF No. 13.)

The Ninth Circuit uses a three-prong test to determine whether the exercise of specific personal jurisdiction is proper: (1) "'[t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum'"; (2) "the claim must arise out of or relate to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must be reasonable." *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).  The plaintiff bears the initial burden of satisfying the first two prongs of this test.  *Id.*  "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Schwarzenegger*, 374 F.3d at 802).

To determine whether a defendant "purposefully directed" its activities toward the forum state under the first prong, the Ninth Circuit applies the "effects" test derived from *Calder v. Jones*, 465 U.S. 783 (1984).  A defendant has purposefully directed its activities to the forum if it "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Will Co. v. Lee*, 47 F.4th 917, 922 (9th Cir. 2022) (quoting *Schwarzenegger*, 374 F.3d at 803).

On July 5, 2023, the Ninth Circuit held in *Herbal Brands, Inc. v. Photoplaza, Inc.* that "if a defendant, in its regular course of business, sells a physical product via an interactive website and causes that product to be delivered to the forum, the defendant has purposefully directed its conduct at the forum such that the exercise of personal jurisdiction may be appropriate." 72 F.4th 1085, 1088 (9th Cir. 2023).  The Court explained that the express-aiming inquiry "does not depend on the number of sales made to customers in the forum" and that even "one sale" to the forum state is "enough to establish that a defendant expressly aimed its conduct at a forum." *Id.* at 1095.  The Court also emphasized the

importance of the third prong of the specific jurisdiction inquiry—that the exercise of jurisdiction always be reasonable. *See id.* at 1095, 1096–97.

The parties filed their briefs before the Ninth Circuit issued its decision in *Herbal Brands*. Given the apparent significance of *Herbal Brands* to the disposition of Defendant's motion here, the Court **DIRECTS** each party to submit a supplemental brief, not to exceed 10 pages in length, **on or before September 25, 2023,** which addresses the following:

1. the application of *Herbal Brands* to this case; and
2. prong 3 of the specific personal jurisdiction test, i.e., whether the exercise of jurisdiction would be reasonable (assuming the first two prongs are met).

Each party may file a response, not to exceed 5 pages in length, **on or before October 2, 2023**.

**IT IS SO ORDERED.**

Dated: September 13, 2023

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court