UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SCHEIBE, individually and on behalf of all those similarly situated,<br><br>                           Plaintiff,<br><br>v.<br><br>THE HEALTH AND WELNESS CENTER, INC., dba Dr. Berg Nutritionals, a Virginia corporation,<br><br>                           Defendant. | Case No.: 23-cv-00084-DMS-JLB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

     Pending before the Court is Defendant The Health and Wellness Center's ("HWC") motion to dismiss for lack of personal jurisdiction. (ECF No. 10.) In this action, Plaintiff Jacob Schiebe, on behalf of himself and a putative class of others who have purchased "Original Keto Electrolytes" powder, alleges that the product, which Defendant manufactures and sells, is misbranded and falsely advertised. Plaintiff brings claims against Defendant for violations of California consumer protection statutes, unjust enrichment, and breach of express warranty. Plaintiff is a citizen of California and Defendant is a Virginia corporation with its principal place of business located in Virginia. For the reasons set forth below, the Court **DENIES** Defendant's motion to dismiss for lack of personal jurisdiction; and **DENIES** Defendant's motion to stay proceedings.

1

## I. BACKGROUND

On or about October 18, 2022, Plaintiff Jacob Scheibe purchased Dr. Berg's Original Keto Electrolytes powder in various flavors ("Products") from Amazon.com. Defendant HWC formulates, manufactures, and sells the Products. The front labels on all flavors of the Products state: "no artificial anything!" HWC operates an Amazon storefront which states that the Products contain "Zero Artificial Ingredients." Plaintiff alleges he viewed this storefront. The back labels of the Products state that they contain malic acid. Plaintiff alleges that independent third-party laboratory testing shows that the malic acid used in the Products is "DL malic acid, a synthetic substance derived from petrochemicals." (Am. Compl. ("AC") ¶ 36, ECF No. 5.) Plaintiff alleges the Products are therefore deceptively labelled and misbranded. Plaintiff brings claims against HWC, on behalf of himself and a class of all California consumers who purchased the Products within the four-year period prior to Plaintiff's filing, for violations of California consumer protection statutes—the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq.; the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.; and the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.—unjust enrichment, and breach of express warranty.

Plaintiff filed the initial Complaint (ECF No. 1) on January 17, 2023 and filed the Amended Complaint (ECF No. 5) on February 23, 2023. Defendant moved to dismiss the complaint for lack of personal jurisdiction on April 4, 2023. (ECF No. 10.) On May 5, 2023, Plaintiff filed its Opposition. (ECF No. 11.) On May 11, 2023, Defendant filed a Reply. (ECF No. 12). The Court took the motion under submission without hearing on May 15, 2023. (*See* Order, ECF No. 13.) On September 13, 2023, the Court on its own motion directed the parties to submit supplemental briefs addressing the Ninth Circuit's decision in *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085 (9th Cir. 2023). Each Party filed a supplemental brief on September 25, 2023. (Pl.'s Suppl. Br., ECF No. 15; Def.'s Suppl. Br., ECF No. 16.) Each Party filed a response on October 2, 2023. (Def.'s Resp. to Pl.'s Suppl. Br., ECF No. 17; Pl.'s Resp. to Def.'s Suppl. Br., ECF No. 18.)

## II. LEGAL STANDARD

A defendant may move to dismiss a complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). "In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (quoting *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011)). When a defendant's motion to dismiss on jurisdictional grounds rests "on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). "[U]ncontroverted allegations in the complaint must be taken as true." *Id.*

## III. DISCUSSION

### A. Personal Jurisdiction

"Where," as here, "there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Id.* (citing Fed. R. Civ. P. 4(k)(1)(A)). California's long-arm statute permits a court to exercise personal jurisdiction over a defendant to the extent permitted by the Due Process Clause of the Constitution. Cal. Code Civ. Proc. § 410.10. Therefore, "the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger*, 374 F.3d at 801. Due process requires that a nonresident defendant have at least "minimum contacts" with the relevant forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "Personal jurisdiction may be founded on either general jurisdiction or specific jurisdiction." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919

(2011). The parties agree that general jurisdiction does not apply here. Plaintiff argues only that Defendant is subject to specific jurisdiction in this Court.

The Ninth Circuit uses a three-prong test to determine whether the exercise of specific personal jurisdiction is proper: (1) "'[t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum'"; (2) "the claim must arise out of or relate to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must be reasonable." *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020) (quoting *Schwarzenegger*, 374 F.3d at 802 (9th Cir. 2004)). The plaintiff bears the initial burden of satisfying the first two prongs of this test. *Id.* "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Schwarzenegger*, 374 F.3d at 802).

      1. Purposeful Availment

Under the first prong of the three-part specific jurisdiction test, Plaintiff must establish that Defendant either purposefully availed itself of the privilege of conducting activities in California, or purposefully directed its activities toward California. Although courts "often use the phrase 'purposeful availment,' in shorthand fashion, to include both purposeful availment and purposeful direction, . . . availment and direction are, in fact, two distinct concepts." *Schwarzenegger*, 374 F.3d at 802. A showing of either purposeful availment or purposeful direction is alternatively sufficient; however, courts "look to the type of claim at issue" to determine the more appropriate analytical approach. *Herbal Brands*, 72 F.4th at 1091.

"A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Schwarzenegger*, 374 F.3d at 802. By taking such actions, a defendant "purposefully avails itself of the privilege of

conducting activities within the forum State, thus invoking the benefits and protections of its laws," *Hanson v. Denckla*, 357 U.S. 235, 253 (1958), and in exchange, the defendant "must—as a quid pro quo—'submit to the burdens of litigation in that forum,'" *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).  The Ninth Circuit frequently uses purposeful availment analysis in suits sounding in contract, *see id.*, and for unintentional tort claims, *see, e.g.*, *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 503–04 (9th Cir. 2023) (applying the purposeful availment test where the plaintiff brought product liability claims).

"A showing that a defendant purposefully directed his conduct toward a forum state, by contrast, usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Schwarzenegger*, 374 F.3d at 803.  The Ninth Circuit conducts a purposeful direction analysis in suits sounding intentional tort, *Herbal Brands*, 72 F.4th at 1092 (citing *Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007)), or where allegedly tortious conduct takes place outside the forum state, *Freestream Aircraft (Bermuda) Ltd. v. Aero L. Grp.*, 905 F.3d 597, 603 (9th Cir. 2018).

The Court agrees with both parties that the claims here mostly sound in tort and that purposeful direction analysis is appropriate.  The crux of Plaintiff's claims is that Defendant intentionally disseminated knowingly false or misleading representations about the ingredients in its Products. (*See, e.g.*, AC ¶ 79 at 17; ¶ 87, at 18; ¶ 95, at 19; ¶ 101, at 19; ¶ 61, at 20; ¶ 68, at 22.[1])  District courts within the Ninth Circuit generally employ a purposeful direction analysis for UCL claims.  *See, e.g.*, *Loomis v. Slendertone Distrib., Inc.*, 420 F. Supp. 3d 1046, 1058–59, 1067 (S.D. Cal. 2019) (applying purposeful direction test to claim raising UCL, FAL, CLRA, and breach of express warranty claims based on

---

[1] The Amended Complaint does not number the paragraphs sequentially.  On page 20, the paragraph numbers jump from 103 to 57.  (AC at 20.)

allegations that the defendant falsely and misleadingly advertised a fitness device).[2]

To determine whether a defendant "purposefully directed" its activities toward the forum state under the first prong, the Ninth Circuit applies the "effects" test derived from *Calder v. Jones*, 465 U.S. 783 (1984). A defendant has purposefully directed its activities to the forum if it "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Will Co. v. Lee*, 47 F.4th 917, 922 (9th Cir. 2022) (quoting *Schwarzenegger*, 374 F.3d at 803).

### a. Intentional Act

Plaintiff "easily satisfies" the first element of the *Calder* test. *Herbal Brands*, 72 F.4th at 1091. Defendant's sale of its products to California consumers "is an intentional act." *Id.*

### b. Express Aiming at Forum State

As Defendant now concedes (*see* Def.'s Suppl. Br. at 1), binding Ninth Circuit precedent compels this Court to conclude that Defendant expressly aimed its conduct at California by shipping its products to California customers. "Mere passive operation of a website is insufficient to demonstrate express aiming." *Will Co.*, 47 F.4th at 922. "Not all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every state in which it is accessed." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011). "But operating a website 'in conjunction with something more—conduct directly targeting the forum—is sufficient' to satisfy the express aiming prong." *Herbal Brands*, 72 F.4th at 1092 (quoting *Mavrix*, 647 F.3d at 1229). As in *Herbal Brands*, "it is undisputed" that Defendant's Amazon storefront is an "interactive website[]:

---

[2] Although the breach of express warranty claim sounds in contract, Plaintiff's allegation that the Products failed to conform to the express warranties created by Defendant's "affirmations of fact" does not involve conduct arising out of a pre-existing contractual relationship between Plaintiff and Defendant. Therefore, the Court applies a purposeful direction analysis to the breach of express warranty claim as well. *See Loomis*, 420 F. Supp. 3d at 1067 (applying purposeful direction test to breach of express warranty claim); *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 601 F. Supp. 3d 625, 699–702 (C.D. Cal. 2022) (applying purposeful direction test to, inter alia, claims for breach of express warranty).

visitors can exchange information with the host computer by inputting data directly." *Id.*

In *Herbal Brands*, the Ninth Circuit held that "if a defendant, in its regular course of business, sells a physical product via an interactive website and causes that product to be delivered to the forum, the defendant 'expressly aimed' its conduct at that forum." *Id.* at 1093. Plaintiff's allegations satisfy this standard. First, "the sales must occur as part of the defendant's regular course of business instead of being 'random, isolated, or fortuitous.'" *Id.* at 1094 (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 779–80 (1984)). Here, Defendant uses its Amazon storefront to sell its products to California residents in the regular course of business. *Cf. Boschetto v. Hansing*, 539 F.3d 1011, 1019 (9th Cir. 2008) (an eBay user's "lone transaction for the sale of one item" did not create personal jurisdiction over defendants in California because there were no allegations that the user regularly sold cars on eBay as a part of a regular pattern of commercial activity). Second, "the defendant must exercise some level of control over the ultimate distribution of its products beyond simply placing its products into the stream of commerce." *Herbal Brands*, 72 F.4th at 1094. As in *Herbal Brands*, Defendant here exercises control over distribution: it "created and maintained a distribution network" that reached California "by choosing to operate on a universally accessible website that accepts orders from residents of all fifty states and delivers products to all fifty states." *Id.* at 1094–95.

        *c. Defendant's Notice of Harm Likely to Be Suffered in Forum State*

Plaintiff satisfies the third element of the *Calder* test. Defendant's shipment of the Products to California suffices to show that Defendant knew that any harm stemming from the Products was likely to be suffered in California. In *Herbal Brands*, the Ninth Circuit found it important that the plaintiff had sent cease-and-desist letters informing the defendant of plaintiff's trademark infringement claim arising out of the forum state. *Herbal Brands*, 72 F.4th at 1091 n.2. However, unlike a trademark infringement claim, the harm Plaintiff alleges here arises from the product itself, and therefore, shipment of the product alone is sufficient to put Defendant on notice that harm resulting from the product is likely to be felt in the forum to which the product is shipped. *Cf. id.* n.2 ("[I]f a plaintiff

were to allege that he was poisoned by a product, then the shipment of that product to the plaintiff's forum would suffice to show that the defendant knew that the harm 'is likely to be suffered in the forum state.'") (quoting *Will Co.*, 47 F.4th at 922).³

### 2. Nexus to Defendant's Forum-Related Activities

The second prong of the specific jurisdiction inquiry requires that a plaintiff's claims "'arise out of or relate to the defendant's contacts' with the forum." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021) (quoting *Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 262 (2017)).  Plaintiff alleges harm caused by Defendant's sale of products and thus the claims "arise out of and relate to" Defendant's "conduct of selling those . . . products" to California consumers. *Herbal Brands*, 72 F.4th at 1096. Accordingly, Plaintiff has established that exercising jurisdiction would be presumptively reasonable.

### 3. Reasonableness

Once the court determines that a defendant has the requisite contacts with the forum state, the burden "shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King*, 471 U.S. at 476–78).  To evaluate reasonableness, the Ninth Circuit employs a balancing test weighing seven factors:

> (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Herbal Brands*, 72 F.4th at 1096 (quoting *Freestream Aircraft*, 905 F.3d at 607).

---

³ Plaintiff alleges he "notified Defendant in writing" of Defendant's alleged violations of the CLRA "at least 30 days before the filing of this Complaint." (AC ¶ 64, at 21.)  This bolsters the conclusion that Defendant was on notice of potential harm likely to be suffered in California as a result of its Products sold to California consumers.

In *Herbal Brands*, the Ninth Circuit instructed district courts in dicta to conduct a more rigorous reasonableness analysis. The Ninth Circuit explained:

> [A] defendant in a future case could argue that the exercise of personal jurisdiction would be unreasonable, even if that defendant has "expressly aimed" its conduct at the forum consistent with the test that we adopt in this opinion. Many of the concerns that courts have considered as part of the "express aiming" analysis are, in our view, better addressed under the reasonableness prong.
> For instance . . . [d]epending on the particular facts of a future case, jurisdiction might not exist if a plaintiff purchased a product solely in an attempt to manufacture jurisdiction. . . .
> The fairness prong also allows for the argument that the exercise of jurisdiction is not appropriate because a defendant sold only a small number of products to forum residents. If, for example, a Maine resident ran a small business selling New England-themed keychains and made a sale to an Arizona resident, the seller may be able to argue successfully that it would not be reasonable to hale him into court in Arizona because of the limited nature of his purposeful interjection into Arizona's affairs or the excessive burden associated with defending himself in the forum.

*Id.* at 1096–97. After weighing the relevant factors, this Court concludes that the exercise of personal jurisdiction over Defendant would be reasonable here.

          a.     *Extent of Defendant's Purposeful Interjection*

Defendant argues that it has not purposefully interjected itself into California's affairs in any meaningful way. Defendant points out that it has no offices or employees in California; is not registered to do business in California; has no physical presence in California; and has never targeted advertisements to California consumers. Defendant further explains that the purchase and shipping process is passive and automated and that it receives no advanced notice before third-party platforms (such as Amazon, presumably) ship its Products to California consumers who purchase the Products through those third-party platforms. Lastly, Defendant argues that the percentage of its nationwide sales shipped to California is in line with California's population as a percentage of the total population of the United States and provides further evidence that Defendant did not

purposefully interject itself into California.[4]  Defendant argues it would be unreasonable for this Court to exercise personal jurisdiction over Defendant under such circumstances.

In response, Plaintiff argues that Defendant's website is highly interactive and includes consumer reviews, text and photo journals, recipes, quizzes, mini-courses, a "dedicated telephone number" for consumers to seek advice about Defendant's products, and more.  (Pl.'s Resp. to Def.'s Suppl. Br. at 1–2.)  Defendant argues that California consumers use these features on Defendant's interactive website and that, therefore, "[a]ll of this interactivity has resulted in substantial sales to California."  (*Id.* at 2.)

The Court agrees that Defendant has purposefully interjected itself into California affairs to a substantial degree—but not necessarily because of the "interactivity" of its website.  It is unremarkable in the year 2023 for a website to be "interactive."  Any website capable of facilitating the sale of goods is necessarily interactive: the user must interact with the website to select items to purchase and provide payment and delivery information.  Further, recent Ninth Circuit case law demonstrates that a court should not give much weight to the interactivity of a defendant's website.  The Ninth Circuit has held that "operating even a *passive* website in conjunction with something more—conduct directly targeting the forum—is sufficient," *Mavrix*, 647 F.3d at 1229 (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002)) (emphasis added); and in determining whether a nonresident defendant has done "something more," the Ninth Circuit considers interactivity as only one of "several factors," *id.* (quoting *Pebble Beach*

---

[4] Approximately 14% of Defendant's total sales go to California consumers.  (*See* Decl. of Roxana Chumpitaz ("Chumpitaz Decl.") ¶ 18.)  The Court takes judicial notice that California's population comprises 11.7% of the population of the United States as a whole, according to the United States Census Bureau's July 2022 estimates.  *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute" if it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); Fed. R. Evid. 201(c)(1) ("The court . . . may take judicial notice on its own . . . .").

*Co. v. Caddy*, 453 F.3d 1151, 1153–54 (9th Cir. 2006)).[5]

Rather, the Court finds that Defendant's "continuous and deliberate exploitation" of the California market shows its substantial purposeful interjection into California. *Bodyguard Prods., Inc. v. Musante*, No. CV 19-00139 ACK-KJM, 2020 WL 403720, at *6 (D. Haw. Jan. 24, 2020) (analyzing the "express aiming" prong of personal jurisdiction); *see Herbal Brands*, 72 F.4th at 1096–97 (explaining in dicta that arguments about the *extent* of a defendant's express aiming with the forum, which courts had often "considered as part of the 'express aiming' analysis are, in our view, better addressed under the reasonableness prong"). Defendant admits that sales to California made up fourteen percent of its total sales in the United States over the four-year period prior to March 24, 2023. (Chumpitaz Decl. ¶ 18.) Unlike the hypothetical Maine-based keychain business in *Herbal Brands* which sold and shipped only a single keychain to Arizona, 72 F.4th at 1097, Defendant here has continuously exploited the California market for a substantial portion of its total sales for at least four years. Defendant's purposeful interjection into the California market, therefore, is not of a "limited nature." *Herbal Brands*, 72 F.4th at 1097. This factor favors jurisdiction in California.

### b. Burden on Defendant

The burden on Defendant of litigating in California is significant. Defendant is a located in Virginia, thousands of miles away from this Court in San Diego, California. Defendant has no employees or physical presence in California. Although modern capacity to conduct electronic discovery and remote depositions mitigates the difficulty of litigating in a faraway forum, it remains true that litigating this case in California imposes upon

---

[5] *See also Mavrix*, 647 F.3d at 1227 (features such as "commenting, receiving email newsletters, voting in polls, uploading user-generated content" are "standard attributes of many websites" and "do not signal a non-resident defendant's intent to 'sit down and make itself at home' in the forum") (quoting *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006)); *cf. Wonderful Co. LLC v. Nut Cravings Inc.*, No. 2:20-cv-11738-SVW-JEM, 2021 WL 3598859, at *3 (C.D. Cal. Apr. 22, 2021) ("More recent Ninth Circuit case law makes clear that interactivity, whatever its role, is only one among many factors considered as part of the express aiming test.").

Defendant additional burdens beyond those it would encounter from litigating in Virginia. *See Resnick v. Rowe*, 283 F. Supp. 2d 1128, 1141 (D. Haw. 2003) ("As the burden on Defendants and their out-of-state witnesses is significant, this factor weighs against this court's exercise of personal jurisdiction over them."). This factor, therefore, weighs against jurisdiction in California.

### c. Conflict with Sovereignty of Defendant's State

Litigating this case in California does not implicate the sovereignty of Virginia. Defendant concedes that this factor is neutral and points to no conflict with any sovereign interest of Virginia that would arise if this case were litigated in California. Therefore, this factor "presents no barrier" to litigating in California and accordingly "weighs slightly" in favor of jurisdiction in California. *Id.*

### d. Forum State's Interest Adjudicating Dispute

"California maintains a strong interest in providing an effective means of redress for its residents [who are] tortiously injured." *Sinatra v. Nat'l Enquirer*, 854 F.2d 1191, 1199 (9th Cir. 1988). Defendant argues that California lacks such an interest when the plaintiff is not a bona fide consumer. Defendant alleges that Plaintiff is a serial plaintiff and points out that he filed other similar lawsuits in this District concerning misrepresentation of malic acid in products. Defendant argues that under Proposition 64, California lacks an interest in providing a forum for manufactured disputes and suggests that this suit is a manufactured dispute because Plaintiff is a serial plaintiff. The Ninth Circuit stated in dicta in *Herbal Brands* that "jurisdiction might not exist if a plaintiff purchased a product solely in an attempt to manufacture jurisdiction." 72 F.4th at 1097.

But the question of whether plaintiff manufactured jurisdiction is orthogonal to whether a plaintiff is a serial plaintiff. Defendant makes no showing that Plaintiff purchased the product "solely in an attempt to manufacture jurisdiction," *id.*, does not explain how plaintiff's status as a serial plaintiff shows that the instant case is based on a manufactured dispute. Therefore, because Plaintiff is a resident of California, this factor weighs in favor of jurisdiction in California. *See Brand v. Menlove Dodge*, 796 F.2d 1070,

1075–76 (9th Cir. 1986) (interest of forum state is stronger when plaintiff is a resident).

### e. Efficient Judicial Resolution

The fifth factor, efficient resolution of the case, slightly favors Defendant. This factor "focuses on the location of the evidence and witnesses." *Panavision*, 141 F.3d at 1323. Defendant is based in Virginia and much of the evidence and many of the witnesses relevant to Plaintiff's claims are in Virginia—thousands of miles away from the Southern District of California. However, this factor is not "weighed heavily given the modern advances in communication and transportation." *Id.* Therefore, this factor weighs only slightly against jurisdiction in California. *See Lindora, LLC v. Isagenix Int'l, LLC*, 198 F. Supp. 3d 1127, 1145 (S.D. Cal. 2016) (weighing "only slightly" against jurisdiction in California where defendant's evidence and witnesses are located outside of California, but plaintiff resides in California).

### f. Plaintiff's Interest in Convenient and Effective Relief

Plaintiff's interest in convenient and effective relief supports jurisdiction in California. As a California resident, Plaintiff "would presumably find it more costly and burdensome" to litigate this case in Virginia. *Id.* However, in the Ninth Circuit, "the plaintiff's convenience is not of paramount importance" to the reasonableness inquiry. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1116 (9th Cir. 2002). Therefore, this factor weighs only slightly in favor of Plaintiff.

### g. Availability of an Alternative Forum

Defendant asserts that the Eastern District of Virginia is an available alternative forum for this litigation. However, "[w]hether another reasonable forum exists becomes an issue only when the forum state is shown to be unreasonable." *CollegeSource*, 653 F.3d at 1080 (quoting *Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 929 n.19 (9th Cir. 2011), *rev'd on other grounds*, 571 U.S. 117 (2014)). Thus, unless the other factors weigh against jurisdiction in California, this factor is neutral and does not factor into the Court's analysis. *Lindora*, 198 F. Supp. 3d at 1145.

The Court finds Defendant has not presented "a compelling case" that the exercise

of jurisdiction in California would be unreasonable. *Burger King*, 471 U.S. at 477. Four factors weigh in favor of jurisdiction in California (extent of defendant's purposeful interjection, conflict with sovereignty of defendant's state, the forum state's interest in adjudicating the dispute, and plaintiff's interest in convenient and effective relief); two factors weigh against jurisdiction (burden on defendant, and efficient judicial resolution); and one factor is neutral (availability of an alternative forum). The Court further notes that one of the two factors weighing against jurisdiction, efficient judicial resolution, does so only slightly. On balance, the Court concludes that jurisdiction here is reasonable. Thus, the Court **DENIES** Defendant's motion to dismiss for lack of personal jurisdiction.

### B. Motion to Stay

In the alternative, Defendant requests that this Court temporarily stay proceedings rather than deny the motion to dismiss for lack of personal jurisdiction because the Ninth Circuit's *Herbal Brands* decision is not yet final, and the United States Supreme Court may still reverse its holding if it grants certiorari. Defendant requests that this Court enter a stay until the United States Supreme Court either denies certiorari, or grants certiorari and issues a merits decision. The Ninth Circuit decided *Herbal Brands* on July 5, 2023, and on August 28, 2023, that Court granted the *Herbal Brands* appellees' motion to stay the mandate for ninety days in order to allow them to file a petition for certiorari. Order, *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085 (9th Cir. 2023) (No. 21-17001), ECF No. 72. As of the date of this Order, the *Herbal Brands* appellees had not yet filed a petition for certiorari.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55 (citations omitted). These interests include (1) "the possible damage which may result from granting a stay," (2) "the hardship a party may suffer if the case is allowed to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions

of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "A district court may stay a case 'pending resolution of independent proceedings which bear upon the case,' even if those proceedings are not 'necessarily controlling of the action before the court.'" *Wilson v. Rater8, LLC*, No. 20-CV-1515-DMS-LL, 2021 WL 347306, at *1 (S.D. Cal. Feb. 2, 2021) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979)). "[S]tays should not be indefinite in nature." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

The Court concludes that a stay is not warranted at this time. For the Court to grant a stay, it must "appear[] likely the other proceedings will be concluded within a reasonable time." *Leyva*, 593 F.2d at 864. The *Herbal Brand* appellees have not yet filed a petition for certiorari. Further, after a petition for certiorari is filed, there is no way for this Court to estimate how long it will take for the Supreme Court to rule on the petition. Thus, a stay, if issued, could last for an indefinite and unreasonably long period. Accordingly, the Court **DENIES** Defendant's request to temporarily stay proceedings. Should the Supreme Court grant certiorari to review *Herbal Brands* before this case reaches a final resolution, Defendant may bring a renewed motion to stay proceedings.

## IV. CONCLUSION

For the reasons explained above, the Court **DENIES** Defendant's motion to dismiss for lack of personal jurisdiction; and **DENIES** Defendant's request to temporarily stay proceedings.

**IT IS SO ORDERED.**

Dated: October 31, 2023

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court